1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earnest Maurice JOHNSON, Defendant-Appellant.
 No. 92-5686.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 Allen B. Burnside, Assistant Federal Public Defender, for Appellant.
 John S. Simmons, United States Attorney, Matthew R. Hubbell, Assistant United States Attorney, for Appellee.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Earnest Maurice Johnson pled guilty to bank robbery, 18 U.S.C.A. 1 2113(a) (West Supp. 1993), and was sentenced as a career offender. United States Sentencing Commission, Guidelines Manual Sec. 4B1.1 (Nov. 1991). He contends that the district court erred in finding that a 1987 conviction used to enhance his sentence under section 4B1.1 was not facially invalid. We affirm.
 
 
 2
 Johnson sought to collaterally attack his 1987 New York guilty plea to attempted criminal sale of a controlled substance, alleging that (1) his plea was not knowing and voluntary, (2) he received ineffective assistance of counsel, and (3) the factual basis for the plea was inadequate. Johnson relied on United States v. Jones, 907 F.2d 456 (4th Cir. 1990), cert. denied, 498 U.S. 1029 (1991) (Jones I ), asserting that the district court could entertain a constitutional challenge to a prior state conviction. Jones I dealt with the 1989 version of application note 6 to guideline section 4A1.2, which provided that an invalid conviction should not be counted in calculating a defendant's criminal history.
 
 
 3
 The 1990 amendment to application note 6, which applied in Johnson's case,* more narrowly defined an invalid conviction as one which the defendant shows to have been previously ruled unconstitutional. Johnson conceded that his 1987 conviction had not previously been ruled unconstitutional, but contended that error in the taking of his guilty plea was apparent from the transcript of the plea hearing, which he offered for the court's consideration. The district court conducted a limited review of the transcript of the 1987 guilty plea hearing. Finding no fundamental error, the court found that the conviction should be counted, and sentenced Johnson as a career offender.
 
 
 4
 This Court has recently held that, under the 1990 amendment to application note 6 of guideline section 4A1.2, prior convictions which have not been ruled invalid must be counted unless the defendant has a constitutional or statutory right to attack the conviction. Moreover, a sentencing court need only entertain a constitutional challenge when the alleged violation is one from which prejudice can be presumed regardless of the facts of the case, because the right asserted is so fundamental that its violation casts real doubt on the guilt of the defendant. United States v. Byrd, F.2d, No. 92-5623, slip op. at 7 (4th Cir. 1993) (citing United States v. Custis, 988 F.2d 1355 (4th Cir. 1993)).
 
 
 5
 Johnson's claims are not the type which a sentencing court must entertain. Determining the voluntariness of a prior counseled state guilty plea requires a factual inquiry. Byrd, slip op. at 8; Custis, 988 F.2d at 1363. For the same reason, claims of ineffective assistance of counsel need not be entertained. Custis, 988 F.2d at 1362. The adequacy of the factual basis for the guilty plea also requires factual development. None of the alleged errors are violations from which prejudice can be presumed. Therefore, under the standard set out in Byrd and Custis, the district court acted correctly in counting the 1987 conviction and in imposing a career offender sentence.
 
 
 6
 We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Johnson's offense occurred on December 17, 1991. He was sentenced on September 25, 1992